## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRACE JIMINEZ, as | : | |
| Administratrix of the Estate of | : | |
| SALVADOR PETER SERRANO, | : | |
| and BROOKE E. MORGAN | : | CIVIL NO. 4:04-CV-1897 |
| | : | |
| Plaintiffs, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| ALL AMERICAN | : | |
| RATHSKELLER, INC., d/b/a | : | |
| THE RATHSKELLER BAR, | : | |
| BOROUGH OF STATE COLLEGE, | : | |
| d/b/a STATE COLLEGE POLICE | : | |
| DEPT., PHYLLIS H. GENTZEL, | : | |
| d/b/a THE GENTZEL | : | |
| CORPORATION, BLUEBIRD | : | |
| ENTERTAINMENT ENTERPRISE, | : | |
| d/b/a THE DARK HORSE, JASON | : | |
| ROSENGRANT, RYAN | : | |
| ROSENGRANT, CHRIS | : | |
| ROSENGRANT, CURTIS | : | |
| ROSENGRANT, COLIN | : | |
| HAUGHTON, and ASSOCIATED | : | |
| PROPERTY MANAGEMENT, INC. | : | |
| d/b/a ASSOCIATED REALTY | : | |
| PROPERTY MANAGEMENT | : | |
| | : | |
| Defendants, | : | |

# M E M O R A N D U M

December 28, 2005

**BACKGROUND:**

Plaintiffs Grace Jiminez, administratrix of the estate of Salvador Peter Serrano, and Brooke E. Morgan, Serrano's fiancée, initiated this action by filing a complaint on August 25, 2004.  An amended complaint was filed on October 4, 2004.  Plaintiffs filed a second amended complaint on August 11, 2005.  The second amended complaint added defendant Associated Property Management Inc., d/b/a Associated Realty Property Management ("ARPM") to the previously named defendants.

On September 27, 2005, we granted plaintiffs' motion to dismiss defendant Bluebird Entertainment Enterprise, d/b/a The Dark Horse, and dismissed all claims and cross-claims against Bluebird Entertainment Enterprise.

Now before the court is defendant ARPM's "Motion to Dismiss/Motion for Summary Judgment" filed on November 14, 2005.  The matter is fully briefed and ripe for our decision.  Also before the court is ARPM's praecipe requesting oral argument on the motion.  For the following reasons we will deny ARPM's motion to dismiss/motion for summary judgment and we will address why oral argument on the issue would be fruitless.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

As we stated in our April 1, 2005 order:

2

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

(Order, Rec. Doc. No. 65, at 3-4.)

## II.  Statement of Relevant Facts

As we stated in our April 1, 2005 order:

> Plaintiff, Grace Jiminez, is the administratirix of
> the estate of the decedent, Salvador Peter Serrano.
> Plaintiff, Brooke E. Morgan, was Serrano's fiancée.  On
> the night of Serrano's death, October 26, 2003, he was
> walking along Calder Way with two friends and his
> fiancée, Morgan.  A confrontation occurred between
> Serrano and several employees of the Rathskeller, as well
> as an employee of Bluebird, in the parking lot area near
> the Rathskeller.  Timothy Padalino, a friend of Serrano,
> had stopped to urinate publically in the lot.  The
> confrontation led to Serrano's being restrained by several
> employees of the Rathskeller.  John Bellum, an employee
> of Bluebird, also was present during the confrontation.
> Plaintiffs allege that Jason Rosengrant, with the aid of
> Chris Rosengrant, caused the death of Serrano by
> kneeling on his chest and/or back.
> Plaintiffs aver that Gentzel spoke to Gastiger, the
> president of the Rathskeller, prior to October 26, 2003,
> about monitoring and patrolling the parking lot area.
> Plaintiffs allege that Gentzel and Gastiger agreed that the
> Rathskeller employees would patrol the parking lot area
> because of the ongoing problems with vandalism and acts
> by drunken individuals in the parking lot area, acts which
> included public urination.
> Plaintiffs assert that Morgan was restrained by
> Rathskeller employees and forced to witness the death of
> her fiancé.  The plaintiffs also assert that the employees
> of the Rathskeller as well as John Bellum, an employee
> of Bluebird, detained and restrained the decedent's
> friends, Alison Bresnahan and/or Timothy Padalino, in a

4

> manner that prevented them from coming to the aid of
> decedent and Ms. Morgan.
>    When officers Kevin Winkleblech and Christian
> Fishel, from the State College Police Department, arrived
> on the scene they first attempted to handcuff the
> restrained Serrano, and then discovered that he did not
> have a pulse.  Serrano was subsequently pronounced
> dead by officials of Centre County.

(Rec. Doc. No. 65, at 4-6.)

Additionally, in the second amended complaint plaintiffs aver that prior to

October 26, 2003, Gentzel hired ARPM as its property manager to patrol and

supervise property owned by Gentzel, including the parking lot where Serrano was

killed.

### III.  ARPM's Motion for Summary Judgment in the Alternative is Premature

ARPM's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) includes an

alternative argument for summary judgment and ARPM has attached exhibits

outside the pleadings for us to consider.  Under Rule 12(b)(6) when "matters

outside the pleading are presented to and not excluded by the court, the motion

shall be treated as one for summary judgment and disposed of as provided in Rule

56, and all parties shall be given reasonable opportunity to present all material

made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(b).  It is clear to

the court that ARPM's summary judgment argument is premature, as plaintiffs

contend no evidence has been presented because discovery as to ARPM has not

taken place.  In order to prevent converting the motion into one for summary judgment we will not consider exhibits outside the pleadings.  We will deny ARPM's motion for summary judgment because it is premature, without prejudice.[1]

### IV.  ARPM's Motion to Dismiss

ARPM argues that plaintiffs' claims against ARPM should be dismissed because "all claims against this defendant are not colorable and are frivolous." (Mot. to Dismiss/Mot. for Summ. J., Rec. Doc. No. 88-1, at 3.)  ARPM further argues that plaintiffs' late joinder of ARPM was based upon "blatant misrepresentations to the court."  (Id.)  In the motion ARPM also argues that any punitive damages claims against ARPM should be dismissed because plaintiffs failed to state a claim upon which relief can be granted as to punitive damages. (Id. at 6-7.)

------------------------

[1]We find this to be a more efficient mechanism rather than holding oral argument on the motion, only to inevitably determine that further discovery warrants postponement of our ruling on the motion for summary judgment pursuant to Fed. R. Civ. P. 56(f).

ARPM has not answered the complaint and plaintiffs have not had an opportunity to depose their designees.

6

A.  ARPM's ARGUMENT THAT PLAINTIFFS' CLAIMS AGAINST ARPM
ARE NOT COLORABLE AND ARE FRIVOLOUS

ARPM argues that plaintiffs have brought frivolous claims against it after

discovering that ARPM was Gentzel's property manager.  At this stage in the

litigation we must view the factual allegations in the complaint as true and construe

all inferences in favor of the plaintiff.  Hishon, 467 U.S. at 73; Kost, 1 F.3d at 183.

Viewing the factual allegations as true, plaintiffs have stated a claim against

ARPM.  In our April 1, 2005 order, discussing claims against Gentzel we already

set forth why we believed it was premature to dismiss negligence claims against

the property owner.  (Rec. Doc. No. 65, at 30-33.)  We recognize that the reasoning

we applied in discussing claims against Gentzel should not in whole be applied to

ARPM.  However, plaintiffs allege that ARPM was the property manager, and as

property manager ARPM is alleged to have undertaken to perform a duty owed by

Gentzel to the plaintiffs.  If proven true, this could make ARPM liable for failing to

exercise reasonable care in managing the property.  See Cantwell v. Allegheny

County, 483 A.2d 1350, 1353 (Pa. 1984).

ARPM's other core argument to dismiss the claims against it is that the

plaintiffs misrepresented Gentzel's deposition testimony in order to join ARPM.

In plaintiffs' motion for leave to join ARPM they state that "[d]uring the

deposition of Phyllis H. Gentzel they learned for the first time that Gentzel

7

Corporation employed a property management company, [ARPM], in regards to

the management of the premises where the injuries to Serrano, and his fiancé (sic),

plaintiff Brook E. Morgan occurred."  (Rec. Doc. No. 76-1, at 2, ¶ 2.)  ARPM

contends that this was a misrepresentation because Gentzel's deposition testimony

also indicated that ARPM was in charge of the residential apartments and not the

commercial space.  ARPM adamantly denies that it was responsible for the

supervision and security in the back parking lot of the premises where Serrano

died.  Plaintiffs did not make a blatant misrepresentation to the court and are

entitled to discovery as to ARPM under the factual allegations in the complaint.

Furthermore, ARPM's reliance on cases in which parties were joined to destroy

federal jurisdiction is misplaced; ARPM is not maliciously joining ARPM.  Under

Rule 20 of the Federal Rules of Civil Procedure plaintiffs are entitled to join

persons in "one action as defendants if there is asserted against them jointly,

severally, or in the alternative, any right to relief in respect of or arising out of the

same transaction, occurrence, or series of transactions or occurrences and if any

question of law or fact common to all defendants will arise in an action."  Rule 20

Fed. R. Civ. P.

### B.  ARPM'S ARGUMENT THAT PUNITIVE DAMAGES SHOULD BE DISMISSED

ARPM argues that we should dismiss the punitive damages claims averred

in counts X and XII of the complaint.  First, we agree with plaintiffs that in Count X of the complaint plaintiffs have not sought punitive damages.  In the addendum clause of Count X of the second amended complaint plaintiffs have stricken the request for punitive damages.  (Rec. Doc. No. 78, at 29.)  Second, the punitive damages plaintiffs seek in Count XII of the second amended complaint must remain, taking the allegations as true, as we must at this stage in the litigation.

In our April 1, 2005 order we found Gentzel was potentially liable for punitive damages under a theory of vicarious liability for the actions of the Rathskeller employees.  (Rec. Doc. No. 65, at 35.)  At that time, we noted that plaintiffs alleged that Gentzel had formed an agreement with Gastiger, the owner of the Rathskeller, to have the Rathskeller employees patrol the parking lot for Gentzel's benefit, allegations which form the basis for finding the existence of an agency relationship.  (Id. at 35.)

In the second amended complaint, plaintiffs aver that "Gentzel hired ARPM as its property manager to patrol and supervise certain property owned by Gentzel, including the parking area."  (Rec. Doc. No. 78, at 5, ¶ 11.)  Plaintiffs allege in County XII that "the Rosengrants were acting as agents of ARPM."  (Id. at 31, ¶ 139.)  ARPM argues that we do not have to accept this allegation as true because it is a legal conclusion.  We agree that the statement in isolation is a legal conclusion,

9

but at this stage in the litigation, and in light of the allegation that Gentzel hired

ARPM to patrol and supervise the property, including the parking area, we will

allow plaintiffs to continue to pursue punitive damages against ARPM.

ARPM could be liable for punitive damages if the Rosengrants are proved to

be agents of ARPM and the Rosengrants are proven to have acted with reckless

indifference.  Defendants argue in their brief in support that plaintiffs' allegations

"falls short of the intentional type actions required to support a claim for punitive

damages."  (Rec. Doc. No. 89, at 24.)  In our April 1, 2005 order we ruled that the

alleging "reckless indifference" by the Rathskeller employees was sufficient to

support a claim for punitive damages and cited case law that stated the same.  (Rec.

Doc. No. 65, at 22-23.)   Despite their argument to the contrary, ARPM cites case

law supporting the same in their brief in support.  (Rec. Doc. No. 89, 23-24)

("Further, punitive damages must be based on conduct which is

'malicious,''wanton,''<u>reckless</u>,' 'willful,' or 'oppressive.'") (emphasis added).

ARPM also cites to case law discussing the type of reckless conduct that warrants

punitive damages discussed by a plurality opinion of the Pennsylvania Supreme

Court in <u>Martin v. Johns-Manville Corp.</u>, 494 A.2d 1088, 1097-98 (Pa. 1985)

(Hutchinson, J., with one Justice concurring and four Justices concurring in result).

Nothing in that opinion would support dismissing the punitive damages claim at

this stage.  In fact, the opinion indicates the contrary: "First, the trial judge must

determine whether the plaintiff has presented sufficient evidence to support a

punitive damages claim, i.e., facts from which the jury might reasonably conclude

that the preponderance of the evidence establishes outrageous conduct by the

defendant."  Id. at 1098.  Plaintiffs are entitled to an opportunity for discovery on

the basis of the allegations in their complaint.  Our ruling today does not preclude

ARPM from rearguing the issue in a later motion following the close of discovery.

### V.  ARPM's Request to Strike and Plaintiff<br>Brooke Morgan's Claims Against ARPM

ARPM's final argument is difficult to follow.  ARPM states that no specific

causes of action are alleged against ARPM by Plaintiff Morgan.  (Rec. Doc. No.

88-1, at 8, ¶ 35.)  This is incorrect; Count XII of the Second Amended complaint

indicates that "Plaintiffs" are stating a claim against ARPM under the theory of

negligence and negligent supervision/training/hiring.  (Rec. Doc. No. 78, at 31.)

"Plaintiffs" includes Morgan.

Next, ARPM asserts that Morgan must be pursuing only a negligent

infliction of emotional distress claim against ARPM and that therefore in light of

our April 1, 2005 order Morgan cannot recover from ARPM.  Plaintiffs are not

bringing a negligent infliction of emotional distress claim in Count XII; they are

bringing a negligence claim for the personal injuries Morgan suffered.  Plaintiffs'

claims in Count XII will not be stricken, as the allegations are not an "insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule

12(f) Fed. R. Civ. P.

CONCLUSION:

     For the foregoing reasons an accompanying order will issue denying

ARPM's motion to dismiss/motion for judgment.  ARPM may file a new motion

for summary judgment after the close of discovery.


                             <u>s/James F. McClure, Jr.</u>
                             James F. McClure, Jr.
                             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GRACE JIMINEZ, as                     :
Administratrix of the Estate of       :
SALVADOR PETER SERRANO,               :
and BROOKE E. MORGAN                  :     CIVIL NO. 4:04-CV-1897
                                      :
        Plaintiffs,                   :     (Judge McClure)
                                      :
    v.                                :
                                      :
ALL AMERICAN                          :
RATHSKELLER, INC., d/b/a              :
THE RATHSKELLER BAR,                  :
BOROUGH OF STATE COLLEGE,  :
d/b/a STATE COLLEGE POLICE    :
DEPT., PHYLLIS H. GENTZEL,     :
d/b/a THE GENTZEL                      :
CORPORATION, BLUEBIRD            :
ENTERTAINMENT ENTERPRISE,  :
d/b/a THE DARK HORSE, JASON    :
ROSENGRANT, RYAN                    :
ROSENGRANT, CHRIS                    :
ROSENGRANT, CURTIS                  :
ROSENGRANT, COLIN                    :
HAUGHTON, and ASSOCIATED     :
PROPERTY MANAGEMENT, INC. :
d/b/a ASSOCIATED REALTY          :
PROPERTY MANAGEMENT            :
                                      :
        Defendants,                   :

**O R D E R**

December 28, 2005

For the reasons set forth in the accompanying memorandum,

1

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      ARPM's motion to dismiss/motion for summary judgment is denied.
        (Rec. Doc. No. 88-1.)

2.      ARPM may file a new motion for summary judgment after the close
        of discovery.

3.      ARPM's request for oral argument is denied.  (Rec. Doc. No. 91-1.)


                            s/James F. McClure, Jr.
                            James F. McClure, Jr.
                            United States District Judge